**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 30, 2012

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Alex Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Jennifer Glotfelty v. Michael J. Astrue, Commissioner of Social Security, PWG-10-250**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Jennifer Glotfelty's claim for Supplemental Security Income ("SSI"). (ECF Nos. 8, 11, 14).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Jennifer Glotfelty (sometimes referred to as "Claimant" or "Ms. Glotfelty") applied for SSI on September 27, 2006, alleging that she was disabled since June 1, 2006, due to obsessive compulsive disorder ("OCD"), depression, and an anxiety disorder. (Tr. 11, 129-132,144). Her claim was denied initially and upon reconsideration. (Tr. 83-85, 89-90). After a hearing held before an Administrative Law Judge("ALJ"), the Honorable J. E. Sullivan, on January 26, 2009, the ALJ denied Ms. Glotfelty's claim and concluded in a decision dated July 8, 2009, that she suffered from obesity, a major depressive disorder, and obsessive compulsive disorder ("OCD") and that they were "severe" impairments, as defined in the Regulations.  The ALJ

also found that these impairments did not meet or equal any of the Listing of Impairments("LOI").  The ALJ next found Ms. Glotfelty retained the residual functional capacity ("RFC") to perform work at all exertional levels except that she had certain non-exertional limitations.  Next, the ALJ found that she was precluded from performing any past relevant work ("PRW").  After receiving testimony from a vocational expert ("VE"), and based on her age and RFC, the ALJ found that there were jobs available in the national and local economies in substantial numbers that Claimant could perform. Accordingly, the ALJ found Claimant was not disabled. (Tr. 11-22). On December 3, 2009, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 1-4).

Claimant argues that the ALJ erred in determining her RFC and in presenting hypotheticals to the VE by failing to consider all of her mental limitations. *See* Plaintiff's Memorandum, pp. 3-14.  After review of the entire record, in particular the transcript of the administrative hearing, I disagree.  First, the ALJ's decision documented his findings with reference to 20 CFR §416.920a which requires ALJ's to follow a special technique when mental impairments are alleged. (Tr. 14-15).  The ALJ also discussed all of the relevant medical opinions in his decision and adequately discussed the basis for his decision in determining Ms. Glotfelty's mental RFC. (Tr. 14-22).

For example, in the four areas of functioning the ALJ found that Ms. Glotfelty had "mild" restrictions in her activities of daily living, "moderate "limitations in maintaining social functioning, "moderate" difficulties in concentration, persistence and pace, and found that she experienced no episodes of decompensation of extended duration. (Tr. 14).  The ALJ then found Ms. Glotfelty's RFC was as follows:

> "The Claimant has the residual functional capacity to perform the a full range of work at all exertion levels but with the following mental limitations: she is able to perform simple (e.g., one to five step), routine and repetitive tasks, performed in a low stress work environment (i.e., free from fast paced production); and should have only occasional interaction with the public." (Tr. 15).

In presenting hypotheticals to the VE the ALJ properly considered the limitations regarding Ms. Glotfelty's mental

limitations[1]. This type of analysis is exactly what is required by the Regulations and Social Security Rulings ("SSR") 85-16 and 96-8p and the ALJ's findings were consistent with the state agency physician's findings. (Tr. 294). For example, Dr. Linda Payne stated that Claimant was capable of completing daily living functions within the constraints of her mental and cognitive status, and that Ms. Glotfelty appeared to have the ability to interact and relate with others socially[2]. (Tr. 300). In sum, the hypotheticals presented to the VE with the limitations the ALJ described, were supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

The ALJ documented his specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph(c) of §416.920a.(Tr. 14). The RFC assessment must always consider and address medical source opinions. The ALJ's finding regarding Ms. Glotfelty's RFC reflected the work related activities resulting from the mental impairment described in the mental RFC assessment. SSR 85-16 *Residual Functional Capacity for Mental Impairments* (1985 WL 56855, *2) (S.S.A.)). According to Social Security Ruling ("SSR") 96-8p, the mental activities required by competitive, remunerative, unskilled work include:

---

[1] The ALJ presented hypotheticals to the VE which included the following limitations:

> Q. …[S]he is able to perform simple, and by that, I mean one to five step routine and repetitive tasks, in a low stress work environment, and I am going to define that as free from fast paced production with no interaction with the public and limited interaction with co-workers and supervisors. (Tr. 76-77).

[2] On April 5, 2007, Dr. Linda Payne reviewed Ms. Glotfelty's records. Dr. Payne stated that Claimant was "moderately" limited in her abilities to:

> 1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
> 2) work in coordination with or proximity of others without being distracted by them;
> 3) complete a normal work-day without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
> 4) interact appropriately with the general public;
> 5) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness;
> 6) respond appropriately to changes in the work setting; and;
> 7) set realistic goals or make plans independently of others.
> (Tr. 299).

> Understanding, remembering and carrying out simple instructions.
> Making judgments that are commensurate with the functions of unskilled work-i.e., simple work related decisions.
> Responding appropriately to **supervision, coworkers and usual work situations dealing with changes in the work setting**.

(SSR 96-8p 1996 WL 374184 at *6)(Emphasis added).

The limitations relevant to unskilled work were all discussed by the ALJ in his decision, and more importantly, were included in the hypotheticals presented to the VE and are consistent with the findings of Dr. Payne.  In response to the hypotheticals, the VE stated work existed for such an individual such as Claimant who had the non-exertional limitations referred to in Exhibit 6-F.(Tr. 298-301).

In sum, the ALJ's decision is supported by substantial evidence and must be affirmed.  Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

_____/s/_____
Paul W. Grimm
United States Magistrate Judge